LUCIEN LIVINGSTON ET AL., RESPONDENTS, *v.* JOHN PAXTON ET AL., APPELLANTS.

1. SECTION 209 OF THE PRACTICE ACT CONSTRUED.—Section 209 of the Practice Act, which provides that " a party in whose favor a judgment is given may, at any time within three years * * * have a writ of execution for its enforcement," is intended as a statute of limitation and repose.

2. SECTION 209 OF THE PRACTICE ACT CONSTRUED.—Under section 209 of the Practice Act an execution cannot be lawfully issued on a judgment after three years from the entry thereof, and the court has no authority to order such process to issue.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*Tilford & Hagan,* for appellants.

At common law an execution to enforce a judgment such as the one at bar, must be issued or sued out within a year and a day from the date of the rendition thereof, otherwise the right to execution on that judgment was gone forever. By statute of Edward I., c. 45, *scire facias* was given in personal actions, but the time within which to issue executions was not changed. It will not be contended that the common law rule as to time applies in Utah. Neither will it be denied that the code alone governs the mode and manner of enforcing judgments.

Is there any authority in Utah to issue an execution on a judgment after the lapse of three years from the entry thereof?

The subject incidentally came up for discussion at an early day in California. As regards justices' judgments the California code has always been similar to that of Utah regarding all kinds of judgments. In other words section 214 of the California code did not apply to judgments of justices of the peace.

In *White* v. *Clark,* 8 Cal. 512, it was insisted that there

. 31

was no judgment in force when the execution was issued, and
that, therefore, the writ was void.  In 1852 a judgment was
obtained against White, before Clark, who was justice of the
peace.   Clark issued execution in 1857, and the same was duly
levied by Vischer, sheriff.  White sued both justice and sheriff
as trespassers.   The court in substance held that an execution
issued after the lapse of the time limited by statute was void,
and did not justify the officers.   Judgment was ordered for
plaintiff.

The case of *White* v. *Clark* came up for review in a subse-
quent case of *Kerns* v. *Graves*, 26 Cal. 156, when it was
specially referred to, and the doctrine affirmed.   See, also,
*Young* v. *Renor*, 4 Barb. 442.

The next case in California is *Stout* v. *Macey*, 22 Cal. 647,
which was an action to enjoin all proceedings upon an execu-
tion issued on a judgment of foreclosure rendered in 1852.
The execution was issued in 1862, after the repeal of section
214, in 1861.   The court held that, under section 209, an
execution to be valid must be issued within the time limited
by statute, and that after the repeal of section 214 the right
to issue execution after five years from the date of the judg-
ment no longer existed in California.

The next case is *Munn* v. *McAtee*.   Judgment was rendered
in 1859, when section 214 was in force.   In 1866, section 214
was revived in California in a modified form, providing sub-
stantially that a "judgment can be enforced after five years by
leave of the court," etc.   In 1868 the judgment creditor moved
the court for leave to enforce the judgment of 1859, which
motion was denied, whereupon an appeal was taken from the
order denying the motion for execution.

The court affirms all the former decisions in no uncertain
language.   It says: "But after the repeal of section 214 (leav-
ing the law just as it is in Utah,) the only remedy of plaintiff
was that afforded by section 209, which authorized the writ to
issue within five years, and which, standing alone, must be
construed as prohibiting it to issue after that period."   We ask

the court to read this decision in full. *Mann* v. *McAtee*, 37 Cal. 11.

Now having cited the position of the Supreme Court of California upon a similar statute to ours, let us see how Nevada stands.

Only one adjudicated case is found in the Nevada reports, to-wit: *Perkins* v. *Sierra Nevada M. Co.*, 10 Nev. 416, wherein the case of *Mann* v. *McAtee* is referred to and its doctrine approved.

We further claim that all the American authorities present themselves in one unbroken chain in support of our position, that unless execution is issued within the period provided by statute, none can issue until the judgment has been revived either by *scire facias* or some method provided by statute. Freeman on Ex. pp. 36, 40, §§ 27, 29: *Henry* v. *McArthur*, 5 Kan. 280; *Brocken* v. *Wood*, 12 Ark. 605; *Reeves* v. *Burnham*, 4 Miss. 25; *Sheperd* v. *Bailuel*, 3 Tex. 26; *Van Cleave* v. *Howerth*, 5 Ala. 188; *Williad* v. *Whipple*, 40 Vt. 219; *Corson* v. *Walker*, 16 Mo. 68; *Mariner* v. *Coon*, 16 Wis. 465; *Dawson* v. *Shepperd*, 4 Dev. (N. C.) 497.

In Georgia and Texas sales made under executions issued after the statutory time are held absolutely void. *Welch* v. *Butter*, 23 Ga. 445; *North* v. *Swing*, 24 Tex. 193. See, also, on this point, *Ball* v. *Schell*, 21 Wend. 222; *Sage* v. *Woodin*, 66 N. Y. 578, 584; 6 Wait's Actions and Defenses, 731.

*Goldthwaite & Maxwell*, for respondents.

By the statute of Edward I., if an execution was not issued within a year and a day the judgment was nullified and to live must be revived by *scire facias*. Yet the courts held that if an execution issued within the year and a day *alias* and *pluries* executions could issue without *scire facias* or any action of the courts. *Pierce* v. *Craine*, 4 How. Pr. 257; 14 M. & W. 336; 3 Dowl. & L. 38, 554; 10 Jur. 249.

In 1787 the statute of Edward I. was the law of New York. The New York statute, in addition, provided that the execu-

tion of the judgment might be had at any time during the year, and further provided for the revival of the judgment if no execution issued within that time. Under this law the courts of New York uniformly held that when execution issued within the year, after the year another might issue without *scire facias* or leave of court. *Pierce* v. *Craine, supra; Mc-Smith* v. *Van Deusen,* 9 How. Pr. 245.

Tillinghast & Shearman's Pr., v. 2, p. 742, says " these cases show that the five years mean the five years next after the judgment, and not next before the new execution."

HUNTER, C. J., delivered the opinion of the court:

In October, 1874, to-wit: October 23, 1874, the respondents recovered judgment against the appellants for $1,600 and costs of suit.

On June 14, 1878, the said district court made an order for an execution, and on that day execution was issued in the ordinary form.

On July 8, 1878, appellants, by their attorneys, served respondents with notice that they would, on the 15th of July, 1878, or as soon thereafter as counsel could be heard, move the court to stay all proceedings under the judgment rendered therein for reasons stated in the motion. A copy of the motion was served with the notice. The grounds set forth in the motion were:

*First*—That the judgment had been fully satisfied and settled.

*Second*—That no judgment had ever been docketed therein.

*Third*—That since execution was issued without any showing having been made to the court that the judgment or any part thereof remained unsatisfied, and

*Fourth*—That no execution could issue therein after three years from the date of the entry of the judgment, and that said execution was improperly issued and without authority.

The motion came on for hearing in the said district court

upon the proof and argument of counsel, and the said court made an order denying said motion to quash the execution.

The only question presented to this court for its opinion, is whether an execution can issue on a judgment at any time after three years after the entry of the judgment in the court rendering the same.

Section 209 of the Practice Act provides that "the party in whose favor a judgment is given may at any time within three years after the entry thereof, issue a writ of execution for its enforcement, as prescribed in this chapter."

The judgment in this case was entered October 23, 1874. Execution was issued June 14, 1878, being a period of more than three years between the entry of the judgment and the issuance of the execution.

The statute is plain and exact in its language, and must be treated as a statute of limitation and repose. The execution not having issued within three years after the entry of the judgment, it could not lawfully issue after that time, and hence the court below erred in denying the motion of the appellants in that particular.

EMERSON and BOREMAN, J. J., concurred.